UNITED STATES of America, Appellee,

v.

**Grant Bancroft HEINE, Appellant.**

**No. 90–5089.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 1, 1990.

Decided Dec. 7, 1990.

David Essling, St. Paul, Minn., for appellant.

Jeffrey S. Paulsen, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Grant Heine was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (1988) and possession of cocaine in violation of 21 U.S.C. § 844(a) (1988). He was sentenced to concurrent prison terms of 19 months for possessing a firearm and 6 months for possessing cocaine and was ordered to serve three years of supervised release. On appeal, Heine argues that the district court abused its discretion by denying an additional continuance of the trial and that his Sixth Amendment right to self-representation was violated when the court appointed standby counsel exceeded his role. We affirm.

BACKGROUND

On April 13, 1989, Heine was arrested for driving while intoxicated. At the time of the arrest, Heine was on parole from prison. Because the offense of driving while intoxicated constitutes a probable parole violation, a parole violation warrant was issued for Heine's arrest. On April 25, 1989, parole office personnel and several Minneapolis police officers went to the South Minneapolis residence where Heine was residing. As the officers were arresting Heine, he attempted to pull a loaded revolver from under his leather jacket. The officers and Heine engaged in a struggle but Heine was eventually arrested. When the officers conducted a search of Heine, they found cocaine and marijuana in a pocket of his leather jacket.

Heine was subsequently charged in a three count indictment with possession of a firearm by a convicted felon, using a firearm during a drug trafficking crime, and possession of cocaine with intent to distribute. On November 2, 1989, four days before the trial was originally scheduled to begin, Heine filed a motion requesting that the court grant a continuance and appoint new counsel. On November 13, 1989, the district court judge granted Heine's request for a new attorney and appointed Daniel Scott to represent him. The trial was scheduled to begin the following day.

On November 14, the district court impaneled a jury but granted an additional one day continuance of the trial to allow the defense some preparation time. When the court denied Heine's request to extend

the continuance, Heine stated that he would not participate in the trial and that he did not want Scott to represent him. T.J. at 4–6.[1] Because Heine insisted on proceeding *pro se*, the judge asked Scott to serve as standby counsel. T.J. at 6, T.I at 5.

While the prospective jurors were being screened, Heine refused to allow Scott to assist him or to speak on his behalf. T.J. at 74–7. He stated that "me and my lawyer have nothing to say throughout the entire time—except just on the motion for continuance, that's all, the only thing." T.J. at 77. Early in the trial Heine began to answer "no comment" in response to questions posed by the judge. *See, e.g.*, T.I at 4. Sensitive to Heine's desire to represent himself, Scott initially elected to limit his participation in Heine's defense to making objections and other comments out of the hearing of the jury. *See, e.g.*, T.I at 12. In addition, he did not make an opening statement on the defendant's behalf. As the trial progressed, however, Heine began to rely more and more on Scott. He conferred with Scott on several occasions during the trial (*e.g.*, T.I at 30, 35, 63, 84, 105, 113, 191, 234, 276, T.II at 68, 84, T.III at 5, 24) and at one point he instructed Scott to ask a government witness questions on cross-examination. T.I at 234. In addition, Heine explicitly stated that he wanted Scott to help him review the suggested jury instructions, T.II at 96, and that he was "... going to go along with my lawyer." T.II at 116. Heine also requested that Scott give the closing argument on his behalf. T.III at 24.

ARGUMENT

A. The Right to Proceed *Pro Se*

In *Faretta v. California*, 422 U.S. 806, 821, 95 S.Ct. 2525, 2534, 45 L.Ed.2d 562 (1974), the Supreme Court held that defendants in criminal trials have the constitutional right to waive counsel and conduct their own defense. The Supreme Court held in *McKaskle v. Wiggins*, 465 U.S. 168, 184, 104 S.Ct. 944, 954, 79 L.Ed.2d 122 (1983), that a court may, over a defendant's objection, appoint standby counsel to assist a defendant. The *McKaskle* Court established guidelines to ensure that standby counsel does not unduly interfere with a defendant's right to self-representation:

First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury.... If standby counsel's participation over the defendant's objection effectively allows counsel to make or substantially interfere with any significant tactical decisions, or to control the questioning of witnesses, or to speak *instead* of the defendant on any matter of importance, the *Faretta* right is eroded.

Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself. The defendant's appearance in the status of one conducting his own defense is important in a criminal trial, since the right to appear *pro se* exists to affirm the accused's individual dignity and autonomy.

*Id.* at 178, 104 S.Ct. at 951.

In *McKaskle* the Court also recognized that a defendant may waive his right to have standby counsel play a minimal role at trial. The Court noted that a defendant's waiver of his *Faretta* rights may be express or implied. *Id.* at 182, 104 S.Ct. at 953. The Court recognized that "even when ... [a defendant] insists that he is not waiving his *Faretta* rights, a *pro se* defendant's solicitation of or acquiescence in certain types of participation by counsel substantially undermines later protestations that counsel interfered unacceptably." *Id.* The *McKaskle* Court held that "once a *pro se* defendant invites or agrees to any substantial participation by counsel, subsequent appearances by counsel must be presumed to be with the defendant's acquiescence, at least until the defendant expressly and unambiguously renews his

---

1. The five separate volumes of transcripts include: Transcript of Pretrial Motion Proceedings ("T.P.M."); Transcript of Jury Impaneling ("T.J."); Volume I of Trial ("T.I"); Volume II of Trial ("T.II"); and Volume III of Trial ("T.III").

request that standby counsel be silenced."
*Id.* at 183, 104 S.Ct. at 953.

 The record in this case reveals that Heine impliedly waived his right to proceed *pro se* by acquiescing to Scott's increasingly active role at trial. Although early in the trial Heine indicated that he would not participate and that he did not want Scott to represent him, his later actions suggest otherwise. Heine conferred with Scott on several occasions and he stated that he wanted Scott to make the closing argument. In addition, as the trial progressed, Heine never objected to standby counsel's presence. In fact, late in the trial he stated that he wanted Scott's assistance in reviewing the suggested jury instructions. Heine also asked Scott to cross-examine a government witness.

Significantly, Heine appeared to acquiesce in Scott's defense strategy throughout the trial. Because Heine impliedly agreed with Scott's strategy and because he specifically requested that Scott make the closing argument, he cannot now claim as grounds for a new trial that Scott exceeded his role by conceding during closing argument that Heine was guilty of being a felon in possession of a weapon. As the *McKaskle* Court stated, "A defendant does not have a constitutional right to choreograph special appearances by counsel." *Id.*

**B. Motion for Continuance**

 A trial judge has broad discretion in deciding whether to grant or deny a motion for a trial continuance. *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). To determine whether a trial court abused its discretion in denying a continuance, a reviewing court should consider the following factors:

1) whether counsel had sufficient time to prepare for trial;
2) whether counsel's conduct at trial showed that he was well prepared;
3) whether the court's refusal to grant a continuance prejudiced the defendant.

*United States v. Sheehy,* 670 F.2d 798, 799 (8th Cir.1982).

 After applying the factors cited above to the facts in the present case, we find that the district court did not abuse its discretion by granting only a two day continuance. First, the record indicates that Scott had sufficient time to prepare for trial. The case was not complex and involved very few exhibits. T.P.M. at 29. In addition, Scott was able to interview all three of the potential defense witnesses before the trial began. T.P.M. at 16–18. Second, Scott's conduct at trial demonstrated that he was well prepared. He not only cross-examined government witnesses, but he also made appropriate and timely objections. Also, it is significant that Heine was acquitted on two of the three felony counts in the indictment largely because of Scott's efforts at trial. Finally, Heine has not shown that he was prejudiced as a result of the district court's refusal to grant an additional continuance. All three of the defense witnesses that Heine wanted to call testified at trial. Although one of the defense witnesses testified with a wired jaw, there is no evidence that the jury could not hear or understand his testimony.

Judgment affirmed.