**UNITED STATES of America, Appellee,**

v.

**Bernard TWO BULLS, Appellant.**

**No. 91–1005.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided Aug. 5, 1991.

Rehearing and Rehearing En Banc
Denied Sept. 5, 1991.

Rodney C. Lefholz, Rapid City, S.D., for appellant.

Diana Ryan, Rapid City, S.D., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Bernard Two Bulls appeals his conviction for aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c) (1988). He argues the district court[1] should have instructed the jury to consider the lesser included offense of abusive sexual contact. 18 U.S.C. § 2244 (1988). The district court denied his motion for the instruction because there was no evidence to support a jury verdict for sexual contact. We affirm.

Two Bulls, Adrian Cortier, and a ten-year old girl named Lilly Larvie were at a party at a house on the Pine Ridge Indian Reservation on Halloween night, 1989. After a disturbance at the party the police arrived and Two Bulls, Cortier, and the girl went outside. Lilly testified that she walked with Two Bulls and Cortier down the road to some abandoned buildings where the two men raped her. Two Bulls testified he helped the girl look for her mother's car keys and that shortly thereafter he left the party with other friends. Cortier entered into a plea agreement and testified that he and Two Bulls raped Lilly. Two Bulls was convicted of aggravated sexual abuse and was sentenced to 210 months in prison.

Two Bulls contends he was entitled to a jury instruction on the lesser included offense of abusive sexual contact. *See* 18 U.S.C. § 2244(a)(1). He argues that in *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), the Supreme Court modified the requirements that must be met for the court to grant an instruction on a lesser included offense. He claims it is no longer necessary to show that there is evidence in the record supporting a jury verdict on the lesser included offense, relying on the statement in *Schmuck* that "the elements approach involves a textual comparison of criminal statutes and does not depend on inferences that may be drawn from evidence introduced at trial." *Id.* at 720, 109 S.Ct. at 1452.

We find Two Bulls' contention meritless. The quoted language is taken out of context and the defense ignores the clear statement in *Schmuck* that: "Our decision in no way alters the independent prerequisite for a lesser included offense instruction that the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater." *Id.* at 716 n. 8, 109 S.Ct. at 1450 n. 8.

It is undisputed that abusive sexual contact is a lesser included offense of aggravated sexual abuse. *United States v. Demarrias*, 876 F.2d 674, 676 (8th Cir.1989). The offense of abusive sexual contact is committed when the defendant intentionally touches "the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2245(3) (1988); *see also* 18 U.S.C. § 2244(a)(1). In contrast, the relevant form of aggravated sexual abuse occurs when the defendant "knowingly engages in a sexual act with another person who has not attained the age of 12 years, or attempts to do so." 18 U.S.C. § 2241(c). Although it is obvious that any sexual act will necessarily involve sexual contact, an independent requirement, as stated in *Schmuck*, is to show the existence of evidence that would support a jury's finding of sexual contact without finding that a sexual act resulted from the same conduct.

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

In this case there is no evidence that could possibly support a conviction on the lesser included offense of abusive sexual contact. Only three persons testified about the incident. Lilly testified that Two Bulls committed a sexual act with her, so if the jury credited her testimony it would be compelled to find aggravated sexual abuse. Courtier confirmed that Two Bulls committed a sexual act with Lilly. Two Bulls professed complete innocence, so his testimony could not support a conviction on any offense. Based on this evidence the jury could find him guilty of aggravated sexual abuse based on the testimony of Lilly and Courtier, or acquit him based on his own testimony. No rational jury could find Two Bulls guilty of abusive sexual contact yet innocent of aggravated sexual abuse.

Accordingly, the conviction is affirmed.