**UNITED STATES of America, Appellee,**

v.

**James Duke ULRICH, Appellant.**

**No. 91–1048.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 27, 1991.

Decided Dec. 27, 1991.

Eldered Bell, Fayetteville, Ark. (argued) (Corinne Corley and Gregory House, on brief), for appellant.

David Ferguson, Asst. U.S. Atty., Fort Smith, Ark., argued, for appellee.

Before MAGILL, BEAM and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

James Duke Ulrich appeals his conviction and sentence for manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). Ulrich argues that a comment by the district court[1] deprived him of the presumption of innocence; that he was denied a fair opportunity to convince the jury to convict him of a lesser included possession offense; and that the district court committed multiple errors in applying the sentencing guidelines. We affirm.

In June 1990, United States Forest Service agents found a marijuana crop growing in the Ozark National Forest. On July 8, two hidden agents watched and videotaped as Ulrich, attired in camouflage clothing, pulled aside the fence surrounding the patch, inspected the plants, and began to pick them. The agents arrested Ulrich, pulled up the remaining plants, counted the total number of plants, and seized them. Agents later searched his home and seized a roll of fencing identical to that surrounding the patch.

At trial, Ulrich testified that he had grown the plants for personal use, and argued that he should therefore be acquitted of a § 841(a)(1) drug manufacturing offense. The government's case included evidence that there were a total of 110 plants, which at maturity would produce approximately 200,000 marijuana ciga-

rettes. The jury convicted him of the manufacturing offense. At the sentencing hearing, the district court denied trial counsel's motion to withdraw and request for a continuance, ruled on Ulrich's objections to the presentencing report, and sentenced him to sixty-three months imprisonment, four years of supervised release, and a fine of $12,500.

*The Presumption of Innocence Issue.*

■ Ulrich first argues that the district court deprived him of the presumption of innocence by likening his criminal trial to a race with the prosecution. The district court's comment was made during jury selection, at the end of a colloquy with a prospective juror who was excused because of concern that he could not respect the presumption of innocence in a drug case:

THE COURT: You think the mere fact that he's charged by the Government may indicate in your mind at least because of your feeling about drugs ... he starts off behind at the starting line?

JUROR HILL: Yes, sir.

THE COURT: All right. You're excused.

Let me put it that way. I do that frequently. A trial is a little bit like a race. The rules say that when we start that race, the parties have to be lined up even at the starting line; in fact, in a criminal case, the Government may be a little bit behind at the starting line under the rules because they have to show beyond a reasonable doubt that the defendant is guilty; otherwise, the jury is not to find him to be guilty.

Now do any of you—If you view this as a race, do any of you believe that one side or the other has a head start before we ever start this case? That's really what voir dire is all about, to try and find those jurors who because of something that's in their mind have started one side or the other off ahead before we ever start the race.

At the end of the trial, the district court carefully instructed the jury that Ulrich

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas.

was presumed innocent and that the government was required to prove its case beyond a reasonable doubt.

There was no objection to the district court's comment, and it was not plain error. *See United States v. Carey*, 898 F.2d 642, 644 (8th Cir.1990). Nor was this the kind of one-sided intervention by a trial judge that destroyed the impartiality of the trial, as in *United States v. Singer*, 710 F.2d 431 (8th Cir.1983). Thus, Ulrich's argument is without merit.

*The Possession Defense.*

▅▅▅▅▅ Ulrich testified at trial, urging in his defense that his secret patch in the national forest was marijuana grown for his personal use, and therefore he did not deserve the enhanced penalties imposed by § 841(a)(1) on drug manufacturers. Ulrich argues on appeal that a number of the district court's rulings unfairly prevented him from presenting this defense to the jury—the refusal to read the entire statute as part of its instructions; the refusal to give an instruction on the lesser included offense of marijuana possession; and the denial of his motion for a judgment of acquittal or new trial.

All of these arguments are foreclosed by our decision in *United States v. Klein*, 850 F.2d 404 (8th Cir.), *cert. denied*, 488 U.S. 867, 109 S.Ct. 173, 102 L.Ed.2d 143 (1988), in which a defendant who grew 94 marijuana plants in his basement was convicted of a § 841(a)(1) manufacturing violation. In rejecting Klein's argument that he was at most guilty of a possession misdemeanor, we held:

> [S]ection 841(a)(1) ... lists six prohibited acts, one of which is the manufacture of a controlled substance.... Section 802(15) defines manufacture as "the production ... of a drug or other substance." Section 802(22) states that the term production "includes the manufacture, planting, cultivation, growing, or harvesting of a controlled substance." From the evidence introduced at trial, *it is clear that Klein planted, cultivated and grew marijuana. Whether he did so for his own use rather than for pur-*

*poses of distribution is irrelevant. His actions violated section 841(a)(1).*

850 F.2d at 405 (emphasis added).

In this case, Ulrich testified that he planted the seeds and cultivated the crop. This eliminated any dispute about whether he manufactured a controlled substance, so that a lesser included offense instruction would have been inappropriate. *See United States v. Bernard Two Bulls*, 940 F.2d 380 (8th Cir.1991). In addition, since his simple possession defense was unavailable as a matter of law, it was clearly within the district court's discretion to include only the relevant manufacturing portion of the statute in its instruction. Likewise, Ulrich's own testimony provided ample evidence supporting the district court's denial of his motion for acquittal or a new trial. *See United States v. Felix*, 867 F.2d 1068, 1071 (8th Cir.1989).

*Sentencing Issues.*

The jury returned a verdict of guilty on October 1, 1990, and the district court requested a presentence report. On November 14, 1990, Ulrich's trial counsel filed timely objections to the presentence report. That same day, Ulrich sent a letter to counsel purporting to terminate their relationship. Ulrich retrieved his file from counsel and prepared and submitted his own objections to the presentence report, while counsel filed a motion to withdraw.

At the sentencing hearing on December 13, 1990, Ulrich urged that counsel be permitted to withdraw but acknowledged that he had not retained new counsel, though he had been receiving "legal advice" from a friend. The district court refused to permit withdrawal, explaining that, under this court's rules governing criminal cases, trial counsel must continue to represent Ulrich at the sentencing hearing and must file a notice of appeal before renewing his motion to withdraw. Ulrich objected, and counsel requested a two week continuance so that Ulrich could retain new counsel, to which the district court replied:

> THE COURT: No, sir, that's denied. He's had adequate time to do that if he desired it. You have filed objections to the presentence report. He has also

done so apparently with the help of his "legal advisor." Both of you have filed objections to it. The Court is going to give you and him an ample opportunity to say whatever you wish to say in relation to those objections, but we're going to go forward with it today.

The sentencing hearing was then conducted without any further complaint by Ulrich or his counsel that they were unprepared.

On appeal, Ulrich contends that the trial court erred when it denied a continuance. However, he now argues that, because counsel had given up his file after submitting objections to the presentence report, counsel could not have been adequately prepared for the sentencing hearing. This argument is without merit. First, it is an impermissible change of position. The continuance motion was requested so that Ulrich could find new counsel, not because of a need to prepare for the sentencing hearing. In denying the motion, the district court observed that little preparation was required once the objections were filed; neither Ulrich nor his trial counsel objected that they were unprepared to proceed.

In addition, Ulrich's argument fails on the merits. Denial of a continuance is grounds for reversal only if the trial court abused its discretion and the defendant was prejudiced by the denial. *United States v. Heine*, 920 F.2d 552, 555 (8th Cir.1990). Here, trial counsel had two weeks to prepare for the hearing with the file and an additional month to prepare without the file. The objections made in the presentence report did not require additional testimony. At the sentencing hearing, counsel and Ulrich argued their respective objections; the court accepted one and reduced the total offense level accordingly. Counsel then made an appeal for leniency on Ulrich's behalf, and the district court sentenced him to 63 months in prison and a $12,500 fine, the bottom of his guideline range in both respects. On this record, it is clear that the district court did not abuse its discretion in denying the continuance and that Ulrich was not prejudiced by the denial.

Ulrich also challenges the trial court's application of the sentencing guidelines. He argues that the trial court erred in failing to give a downward adjustment for his acceptance of responsibility, in including a prior conviction more than ten years old in determining his criminal history category, and in basing his sentencing upon 110 marijuana plants instead of 71. These arguments are without merit.

We give great deference to a district court's determination of acceptance of responsibility. *United States v. Thompson*, 876 F.2d 1381, 1384 (8th Cir.), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989); U.S.S.G. § 3E1.1, App. Note 5. Here, the district court denied this reduction because, "I believe you stand before me today believing that the whole world is wrong, that you have a right to grow on your land marijuana if you wish to." The record clearly supports that conclusion.

Ulrich's challenge to the prior conviction fails because its exclusion would not change his criminal history category, and therefore any error would be harmless. *See United States v. Nash*, 929 F.2d 356, 359–60 (8th Cir.1991). Finally, the district court's finding that there were 110 plants in the patch was supported by the trial testimony of two Forest Service agents. The trial court's decision to credit that testimony is not clearly erroneous. *See United States v. Coppock*, 919 F.2d 77, 78 (8th Cir.1990).

The judgment of the district court is affirmed.