70 F.3d 118
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Danny Ray JEFFERIES, Appellant.
 No. 95-2041.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Nov. 7, 1995.
Filed: Nov. 13, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Danny Ray Jefferies challenges his drug and firearms convictions following a jury trial. For reversal, he argues that the district court[1] erred in denying his pro se motion for a continuance. We affirm.
 
 
 2
 In November 1994, the government charged Jefferies in a seven-count indictment with possessing crack cocaine with intent to distribute, using a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm, in violation of 21 U.S.C. Sec. 841(a) and 18 U.S.C. Secs. 924(c) and 922(g)(1). On December 16, the government filed a superseding indictment charging three additional counts, based on evidence seized during Jefferies's arrest. His appointed counsel filed a motion to suppress, and the court scheduled both the suppression hearing and the trial for January 17, 1995.
 
 
 3
 The court initially denied a defense motion for a continuance. Counsel renewed the request on January 17, stating that Jefferies was displeased with his representation and that counsel had personal reasons for requesting the continuance. The court decided to proceed with the suppression hearing, but agreed to continue the trial for one week based on counsel's personal needs.
 
 
 4
 Before the hearing began, Jefferies filed a pro se motion for a continuance, stating that his attorney failed to contact him until one week before the trial date; counsel would thus not be able to secure three necessary trial witnesses; and because of his inadequate representation, Jefferies desired to retain new counsel, who would need more time to prepare for trial. The court denied this motion, stating it had already granted a one week's continuance, and it did not believe Jefferies presented any basis for relieving appointed counsel.
 
 
 5
 At trial, Jefferies was found guilty on all but one count and subsequently sentenced to a total of 370 months imprisonment and four years supervised release. He now argues that the district court erred in summarily denying his motion without first inquiring into the reasons for his request, and that the denial of his motion deprived him of the opportunity to obtain substitute counsel.
 
 
 6
 To determine whether the district court abused its discretion in denying a continuance, we will consider such factors as counsel's time for preparation, counsel's conduct at trial, and the presence of prejudice in the record. See United States v. Heine, 920 F.2d 552, 555 (8th Cir.1990) (per curiam). Given the one-week continuance the court did grant, there is no indication that counsel had insufficient time to prepare for trial. Jefferies has not specified any point in the trial proceedings where counsel appeared unprepared or failed to represent him satisfactorily. Moreover, Jefferies was not prejudiced by the denial of his motion: all three of the witnesses that he wanted to call testified at trial. We reject Jefferies's suggestion that he was denied these witnesses at his suppression hearing, as he did not indicate in his motion that the witnesses were necessary for the hearing, and we note that their testimony was not relevant to the suppression issues. We conclude the district court did not abuse its discretion in denying Jefferies's motion for a continuance.
 
 
 7
 We also conclude the court did not abuse its discretion by refusing to appoint substitute counsel. See Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir.1991) (to warrant substitute counsel, defendant must show conflict of interest, irreconcilable conflict, or complete breakdown in communication); cf. United States v. Swinney, 970 F.2d 494, 499 (8th Cir.1992) (last-minute requests to substitute counsel must not be allowed to become tactic for delay), cert. denied, 113 S.Ct. 1650 (1993).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Court for the Eastern District of Arkansas