_____

No. 95-3274
_____

United States of America,          *
                                    *
            Appellee,               *
                                    *   Appeal from the United States
    v.                              *   District Court for the
                                    *   Eastern District of Missouri.
Denny Shelby Herndon,               *          [UNPUBLISHED]
                                    *
            Appellant.              *
_____

                    Submitted:  March 5, 1996

                        Filed:  March 8, 1996
_____

Before McMILLIAM, WOLLMAN, and MURPHY, Circuit Judges.
_____


PER CURIAM.


     Denny Shelby Herndon challenges the sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). We affirm.


     Herndon's presentence report (PSR) assigned a Category II criminal history, based on two juvenile delinquency adjudications in the St. Louis Juvenile Court.  Herndon filed written objections, stating that he was "only a Category I."  Herndon also contended his base offense level should have been calculated under the less onerous Guidelines provision governing powder cocaine.  To not do so, he maintained, would violate his due process and equal protection rights.  The district court denied Herndon's request to continue his sentencing until December 1995, by which time Congress

_____

     [1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

was to act on a proposed Guidelines amendment equalizing the penalties for powder and crack cocaine.

At sentencing, Herndon's counsel denied that the juvenile adjudications existed because he had "never received any such records" and, based on the information he had been able to obtain, he was not convinced that there "[was] in fact a conviction" for criminal history purposes. After hearing the testimony of the probation officer who prepared Herndon's PSR, the district court overruled the criminal-history objection, finding that the information set forth in the PSR was accurate. The district court also overruled Herndon's offense-level objection, noting the speculative nature of Herndon's reliance on the proposed Guidelines amendment. The court sentenced Herndon to 63 months imprisonment and four years supervised release. This appeal followed.

It is well-recognized that "the [PSR] is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact." United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994). In resolving disputed factual matters, the district court may rely on hearsay evidence bearing "`sufficient indicia of reliability to support its probable accuracy,'" United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993) (quoting U.S.S.G. § 6A1.3(a)), including uncorroborated hearsay if the defendant has an opportunity to rebut the evidence, United States v. Weaver, 906 F.2d 359, 360 (8th Cir. 1990) (per curiam).

Here, the probation officer--a nineteen-year veteran--testified that identifying information he obtained from Herndon matched the information contained in the juvenile court records; that he had no reason to believe the records related to anyone other than Herndon; that he recorded the information by hand, because he was prohibited from photocopying the records, and dictated the report from his written notes; and that the

information detailed in the PSR accurately reflected the information contained in the juvenile court records.  Herndon availed himself of the opportunity to cross-examine the probation officer as to the preparation of the PSR.  While Herndon denied that the juvenile court records existed, he did not deny that the adjudications had occurred, and he admitted that he never attempted to view the records.  Under these circumstances, we conclude the district court acted within its discretion in determining that the probation officer's hearsay testimony was sufficiently reliable to support the use of the juvenile adjudications in the calculation of Herndon's criminal history category.  See Cassidy, 6 F.3d at 557 (whether hearsay is sufficiently reliable is fact-driven question entrusted to district court's sound discretion); cf. United States v. Wise, 976 F.2d 393, 403-04 (8th Cir. 1992) (en banc) (concluding that probation officer's hearsay testimony--based on information received from another government agency and personnel in prosecutor's office--was sufficiently reliable, and noting that record included nothing to indicate probation officer had any reason to lie, or to distort or misrepresent facts), cert. denied, 507 U.S. 989 (1993).

Finally, we reject Herndon's challenge to his offense-level calculation.  We conclude the district court did not abuse its discretion in denying Herndon's continuance motion, because Herndon was speculating that Congress would adopt the proposed amendment.  See United States v. Ulrich, 953 F.2d 1082, 1085 (8th Cir. 1991) (standard of review). Regardless, Herndon was not prejudiced by the denial of the motion because Congress rejected the proposed amendment.  See id. at 1085 (denial of continuance motion not reversible absent prejudice); see also United States v. Lamere, 980 F.2d 506, 512 (8th Cir. 1992) (no error in not applying proposed but unadopted change to Guidelines).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.