```
        _____

        No. 95-2705
        _____


United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Elizabeth A. Scallion,             *
also known as Elizabeth            *
Woods, Elizabeth A. Collins,       *
and Elizabeth S. Collins,          *
                                   *
          Appellants.              *

        _____                    Appeals from the United States
                                       District Court for the
        No. 95-2914                    Western District of Missouri.
        _____

United States of America,          *        [UNPUBLISHED]
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Tyrone Lamont Woods,               *
                                   *
          Appellant.               *


        _____

        No. 95-3077
        _____


United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Ira M. Collins, Jr., also          *
known as Ira G. Collins,           *
                                   *
          Appellants.              *
```

Submitted:  April 22, 1996

Filed:  April 24, 1996

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.


Elizabeth A. Scallion, Tyrone Lamont Woods, and Ira M. Collins, Jr. (defendants), were charged with conspiring over a five-year period to distribute and to possess with intent to distribute cocaine powder and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. In March 1995, Scallion and Woods pleaded guilty pursuant to written plea agreements; in April 1995, a jury found Collins guilty of the charge. Defendants appeal, and we affirm, addressing each defendant's arguments in turn.


**SCALLION**


Prior to her June 1995 sentencing hearing, the district court[1] denied Scallion's motion to continue sentencing until November, by which time Congress was to act on a proposed Guidelines amendment equalizing the penalties for cocaine powder and cocaine base. At sentencing, the district court granted the government's substantial-assistance downward-departure motion under U.S.S.G. § 5K1.1, p.s., and 18 U.S.C. § 3553(e), and sentenced Scallion to 108 months imprisonment and five years supervised release. On appeal, Scallion argues the district court erred in denying her a continuance, and violated her equal protection rights by not sentencing her in accordance with the proposed Guidelines

_____

[1]The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

-2-

amendment.

We reject these arguments.  First, because Scallion was merely speculating that Congress would adopt the proposed amendment, the district court did not abuse its discretion in denying Scallion's continuance motion.  See United States v. Ulrich, 953 F.2d 1082, 1085 (8th Cir. 1991) (standard of review).  Moreover, Scallion was not prejudiced by the denial of the motion, see id., because Congress rejected the proposed amendment, see Federal Sentencing Guidelines, Pub. L. No. 104-38, 109 Stat. 334 (1995).  Second, the district court did not err by failing to sentence Scallion under a proposed but unadopted Guidelines amendment.

**WOODS**

Before Woods's July sentencing hearing, the government filed a substantial-assistance downward-departure motion under section 5K1.1.  At sentencing, Woods asserted that he was entitled to departure below the statutory minimum.  The district court[2] rejected Woods's assertion, granted the government's motion, and sentenced Woods to 120 months imprisonment and five years supervised release.

Section 841(b)(1)(A) sets a ten-year (120-month) mandatory minimum sentence for a defendant convicted under section 841(a)(1) of distributing or possessing with intent to distribute at least 5 kilograms of cocaine or 50 grams of cocaine base.  Woods was subject to that mandatory minimum.  Absent a section 3553(e) motion by the government, a district court cannot sentence a defendant below a mandatory statutory minimum.  At sentencing, Woods failed to make a substantial threshold showing--and did not even allege--that the government withheld such a motion in bad faith or based on

---

[2]The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

-3-

an unconstitutional motive.  See United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994).  Thus, Woods's sentence is unreviewable.  See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (sentence unreviewable where sentencing court departed from applicable Guidelines range to statutory mandatory minimum sentence pursuant to § 5K1.1).

Woods also argues he was denied his Sixth Amendment right to counsel because the district court reduced his appointed counsel's fee under the Criminal Justice Act, 18 U.S.C. § 3006A; counsel argues the reduction denied him reasonable compensation.  These arguments are meritless.  See United States v. Jones, 801 F.2d 304, 315 (8th Cir. 1986).

**COLLINS**

Before his August 1995 sentencing hearing, Collins made no objections to the recommendations set forth in his presentence report (PSR).  At sentencing, Collins failed to state the specific grounds for his objections, beyond asserting his innocence; he argued only that he was entitled to downward departures under U.S.S.G. §§ 5K2.11, p.s. (lesser harms), and 5K2.12, p.s. (coercion and duress), and that the court should consider the disparity between penalties for cocaine powder and cocaine base and sentence Collins under the proposed Guidelines amendment equalizing those penalties.  The district court[3] denied Collins's sentencing requests, adopted the PSR, and sentenced Collins to 324 months imprisonment and five years supervised release.

On appeal, Collins first argues the district court erred in calculating the quantity of drugs used to determine his base offense level.  Because Collins did not preserve this issue for

---

[3]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

appeal, and we see no gross miscarriage of justice, we do not address the issue.  See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993).

Collins further argues the district court erred in denying him a downward departure under section 5K2.12.  As the record shows that the court knew it had authority to grant such a departure, we conclude the court's exercise of discretion is unreviewable.  See United States v. Trupiano, 11 F.3d 769, 776 (8th Cir. 1993).  Collins's equal protection and Eighth Amendment challenges to the disparity between penalties for cocaine powder and cocaine base are foreclosed by United States v. Thompson, 51 F.3d 122, 127 (8th Cir. 1995), and the district court did not err in not sentencing him under the proposed but unadopted Guidelines amendment.

Collins also argues--for the first time on appeal--that he was entitled to a two-level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant, and a downward departure under U.S.S.G. § 5H1.4, p.s. (physical condition).  In the absence of a gross miscarriage of justice, we will not consider these issues.  See Williams, 994 F.2d at 1294.

The judgments are affirmed.

A true copy.

        Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-