# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1505

_____

United States of America,

       Plaintiff - Appellee,

v.

Claude E. Hyler,

       Defendant - Appellant.

Appeal from the United States
District Court for the
Western District of Missouri.

**[UNPUBLISHED]**

_____

Submitted:  September 11, 2003

Filed:  September 17, 2003

_____

Before LOKEN, Chief Judge, HEANEY and HANSEN, Circuit Judges.

_____

PER CURIAM.

After a warrant search of his Kansas City residence yielded two 9mm handguns, ammunition, cocaine, marijuana, electronic scales, and cash, a federal grand jury charged Claude E. Hyler with four drug trafficking and firearms offenses. When the district court[1] denied his motion to suppress evidence seized during the

_____

[1] The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri, adopting the Report and Recommendation of the HONORABLE SARAH W. HAYS, United States Magistrate Judge for the Western District of Missouri.

search, Hyler entered into a written, unconditional plea agreement and pleaded guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). The plea agreement tentatively resolved certain sentencing issues but left open the question whether Hyler had one or two prior convictions involving crimes of violence for sentencing purposes. Three days before sentencing, Hyler moved for a continuance on the ground that he needed time to investigate the search warrant procedures of the Kansas City Police Department. The district court denied the motion and sentenced Hyler to 100 months in prison. He now appeals, arguing the court erred in denying the pre-plea motion to suppress and the pre-sentencing motion for a continuance, and in determining that he had two prior convictions for crimes of violence. Concluding that Hyler's plea agreement and guilty plea waived these issues, we affirm.

Hyler first argues that the district court erred in denying his motion to suppress and his subsequent motion for a continuance so that he could further explore suppression issues. It is well-settled that "[a] defendant's knowing and intelligent guilty plea forecloses independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." United States v. Vaughan, 13 F.3d 1186, 1187 (8th Cir.) (quotation omitted), cert. denied, 511 U.S. 1094 (1994). Thus, a guilty plea waives the prior denial of a Fourth Amendment suppression motion unless the government and the court have agreed to permit the defendant to enter a conditional guilty plea that preserves the issue for appeal. See FED. R. CRIM P. 11(a)(2); United States v. Arrellano, 213 F.3d 427, 430 (8th Cir. 2000). Here, Hyler entered an unconditional guilty plea, and the district court before accepting the plea engaged in a colloquy demonstrating that Hyler was knowingly and voluntarily giving up his right to appeal and pleading guilty. Thus, the issues raised in his suppression motion were waived, and the district court did not abuse its discretion in denying his motion for a continuance to pursue those issues. See United States v. Ulrich, 953 F.2d 1082, 1085 (8th Cir. 1991) (standard of review).

Hyler next argues the district court erred in determining that two of his prior convictions were crimes of violence for purposes of sections 2K2.1(a)(2) and 4B1.2(a) of the Sentencing Guidelines.  This issue, too, was waived by his guilty plea.  The plea agreement provided that Hyler "expressly waives the right to appeal his sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence in violation of law apart from the Sentencing Guidelines."  In this circuit, a defendant's waiver of his right to appeal sentencing issues is enforceable if the plea agreement was knowing and voluntary and the waiver will not result in a "miscarriage of justice."  United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc).  The transcript of the change-of-plea hearing demonstrates that Hyler's guilty plea and sentencing appeal waiver were knowing and voluntary; indeed, he does not argue to the contrary.  And "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal" under the miscarriage of justice exception.  Andis, 333 F.3d at 892.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-