**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30025 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-00028-DLC-1 |
| v. | |
| WILLIAM DECATURE DAVIS, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted July 7, 2015[**]
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

William Decature Davis, Jr., appeals his jury-trial conviction for abusive

sexual contact in violation of 18 U.S.C. § 2244(a)(5). He argues that the district

court erred in denying his motion for judgment of acquittal because the jury's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

verdict was inconsistent and thus irrational; that the district court erred in instructing the jury as to both aggravated sexual abuse and abusive sexual contact; and that the district court erred in denying his motion to suppress his confession. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review the district court's formulation of the jury instructions for abuse of discretion, *United States v. Rivera-Alonzo*, 584 F.3d 829, 832 (9th Cir. 2009), and we review de novo the denial of a motion for judgment of acquittal, *United States v. Brooks*, 610 F.3d 1186, 1196 (9th Cir. 2010), the voluntariness of a confession, *United States v. Preston*, 751 F.3d 1008, 1020 (9th Cir. 2014) (en banc), and whether a defendant was denied his constitutional right to counsel, *United States v. Ortega*, 203 F.3d 675, 679 (9th Cir. 2000) (Sixth Amendment right to counsel); *United States v. Charley*, 396 F.3d 1074, 1079 (9th Cir. 2005) (Fifth Amendment right to counsel).

**1.** Davis asserts that once the jury decided that Davis was not guilty of a "sexual act," it could not rationally have concluded that Davis committed the lesser included offense of "sexual contact," because it must have concluded that Davis did not touch the victim's vagina under her clothing, and no other evidence supported a sexual contact finding. A jury's acquittal as to one offense, however,

14-30025

does not raise an inference in favor of the defendant as to an inconsistent verdict on a separate offense. *United States v. Powell*, 469 U.S. 57, 65 (1984).

**2.** The district court did not abuse its discretion in instructing the jury on the lesser included offense of abusive sexual contact, when that crime was separately charged in the indictment. Davis cites cases holding that a defendant is not entitled to a lesser-included offense instruction for an offense not charged in the indictment unless a rational jury could acquit on the greater and still convict on the lesser. *United States v. Torres*, 937 F.2d 1469, 1476 (9th Cir. 1991); *United States v. Waters*, 194 F.3d 926, 932 (8th Cir. 1999); *United States v. Two Bulls*, 940 F.2d 380, 381 (8th Cir. 1991). None of these cases calls into question the propriety of instructing the jury on a crime separately charged in the indictment and fully supported by the evidence.

**3.** Davis's confession was voluntary. Davis, an educated adult, voluntarily went to the examination, which was in a bank building rather than a police station. He was not physically restrained and he did not see any officer carrying a weapon. He says he did not feel free to leave because "it would say [he] was guilty," but before interrogation began he indicated his understanding that he had a right to refuse to answer any questions and stop the interrogation at any time. The questioning only lasted a half hour to 75 minutes before Davis gave a confession.

Under these facts, the officers' techniques—inviting Davis to take a polygraph and then soliciting a confession instead, and telling Davis he "had already lied three times, that was 20, 40, 60 years right there"—did not overbear Davis's will. *See United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988). Vague suggestions that a suspect may be treated more leniently if he cooperates do not render a confession involuntary. *See United States v. Coleman*, 208 F.3d 786, 791 (9th Cir. 2000) (investigator saying he could "tell the prosecutor to give [suspect] little or no time" did not render subsequent confession involuntary).

**4.** Davis's Sixth Amendment right to counsel had not attached at the time he confessed, because no charges had yet been filed. *Texas v. Cobb*, 532 U.S. 162, 173 (2001). His Fifth Amendment right to counsel was not violated because he was not in custody when he confessed. *United States v. Hines*, 963 F.2d 255, 257 (9th Cir. 1992).

**5.** To the extent Davis argues that the victim's testimony must be wholly discarded because she testified that she could not distinguish something real from a dream, he has failed to support this point with any meaningful argument and has thus waived it. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).

**AFFIRMED**.

14-30025