# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3404
_____

United States of America

*Plaintiff - Appellee*

v.

Stephen Albert

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: September 22, 2023
Filed: November 6, 2023
[Unpublished]
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

PER CURIAM.

A jury convicted Stephen Christopher Albert of two counts:  (1) sexual abuse by threat and force in violation of 18 U.S.C. §§ 1153 and 2242(1); and (2) sexual abuse of a minor in violation of 18 U.S.C. §§ 1153 and 2243(a).  The district court[1]

---

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

sentenced him to 452 months in prison on Count 1 and a concurrent 180 months on Count 2. He challenges three trial rulings. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

## I.

Albert argues the district court "incorrectly instructed the jury regarding the mental state required for conviction for sexual abuse under 18 U.S.C. § 2242(1)." Generally, this court reviews an unobjected-to instruction for plain error. *See United States v. Tobacco*, 428 F.3d 1148, 1150 (8th Cir. 2005). But "when a defendant specifically requests a particular instruction, he gives up the right to appeal any error in that instruction." *United States v. Mariano*, 729 F.3d 874, 881 (8th Cir. 2013). Albert proposed the jury instruction he now challenges. This issue is waived. *See United States v. Wisecarver*, 598 F.3d 982, 988 (8th Cir. 2010) (holding that waived claims are unreviewable on appeal).

## II.

Albert contends the district court erred in declining to instruct the jury on the lesser-included offense of abusive sexual conduct under 18 U.S.C. § 2244. This court reviews jury instructions for abuse of discretion. *United States v. Faulkner*, 636 F.3d 1009, 1019 (8th Cir. 2011). A lesser-included offense instruction is appropriate when: "(1) a proper request for an instruction is made; (2) the lesser offense elements are identical to part of those of the greater offense; (3) there was evidence that would justify conviction of the lesser offense; (4) the proof on the element differentiating the two crimes was sufficiently in dispute so that the jury might consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) the instruction could have been requested by either party." *United States v. Anthony*, 537 F.3d 863, 866 (8th Cir. 2008).

Albert argues that abusive sexual conduct is a lesser-included offense of both the charged offenses of sexual abuse by threat and force and sexual abuse of a minor.

Specifically, he argues "abusive sexual contact is inherent in an unlawful sex act." This court has rejected that argument. "Although it is obvious that any sexual act will necessarily involve sexual contact, an independent requirement . . . is to show the existence of evidence that would support a jury's finding of sexual contact without finding that a sexual act resulted from the same conduct." *United States v. Two Bulls*, 940 F.2d 380, 381 (8th Cir. 1991). Here, there was no evidence Albert engaged in sexual conduct independent from the conduct charged. In other words, no "rational jury could find" Albert guilty of abusive sexual contact "yet innocent" of the crimes charged. *Id*. at 382. The district court did not abuse its discretion in declining to issue the instruction.

## III.

Albert asserts the district court erred in admitting evidence of his abuse of other family members and school photographs of L.R. taken at the time of the sexual assault. This court reviews evidentiary rulings for abuse of discretion. *United States v. Oliver*, 987 F.3d 794, 799 (8th Cir. 2021). "A district court's admission of prior act evidence will be reversed only when such evidence clearly has no bearing on the issues in the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Rembert*, 851 F.3d 836, 839 (8th Cir. 2017) (cleaned up).

Here, an element of Count 1 was that Albert caused L.R. to engage in sexual acts because he threatened her or placed her in fear of assault. His regular physical abuse of other family members is intrinsic to this element. *See United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) ("Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred."). Importantly, the court limited the evidence to abuse the victim witnessed.

Albert concedes the evidence is at least minimally relevant but argues it is unfairly prejudicial. But there is no indication that the evidence encouraged "the

jury to find guilt from improper reasoning." *United States v. Muhlenbruch*, 634 F.3d 987, 1001 (8th Cir. 2011). Rather, it helped prove one of the required elements. The court did not abuse its discretion in admitting it.

Similarly, L.R.'s size and body stature at the time of the assault (when she was 13-years-old) were relevant in assessing her fear of physical assault. When L.R. testified at trial she was 23-years-old. School photographs of her appearance during the time of the assault were relevant to her fear of assault from an adult man. Albert argues without explanation that the "photographs were unfairly prejudicial." There is no indication this is true. The district court did not abuse its discretion in admitting the photographs.

* * * * * * *

The judgment is affirmed.

_____