# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1705

_____

United States of America,          *
                                       *

        Appellee,         *

                                   *   On Appeal from the United States
     v.                              *   District Court for the District
                                 *   of South Dakota.

Philip No Neck,            *

                                       *

        Appellant.        *

_____

Submitted: October 17, 2006
Filed: January 10, 2007

_____

Before MELLOY, BEAM, BENTON, Circuit Judges.

_____

BEAM, Circuit Judge.

A jury convicted Philip No Neck of one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(A) and three counts of the lesser-included offense of abusive sexual contact in violation of 18 U.S.C. § 2244. These convictions arose from the alleged abuse of his two children. On appeal, No Neck claims (1) there was insufficient evidence supporting the specific charges–namely that the prosecution did not prove that No Neck actually touched his son or daughter in a sexually improper way with his hand as the charges required and

thus the district court[1] erred in denying No Neck's motion for judgment of acquittal; (2) that there was no factual basis to support a jury instruction on the lesser-included offenses; (3) the district court erred in excluding testimony that the children's mother had accused others of similar sexual abuse; and (4) that the ultimate sentence was unreasonable. We affirm.

## I.    BACKGROUND

In 1998, Lori Whirlwind Horse (Lori) and No Neck lived in a trailer home outside of Kyle, South Dakota. Their son and daughter lived with them as well. No Neck and Lori were never married. While Lori worked nights, No Neck would care for the children. At the time of trial, the children were eight and seven.

On March 27, 2002, Lori took the daughter to a health clinic because she noticed the girl exhibiting inappropriate behavior and identified redness around her vaginal area. A physician's assistant examined the girl and said the redness was "abnormal." Lori applied medicated cream to the affected area.

On April 30, 2002, Lori returned to the clinic with the daughter with another complaint regarding the persistent redness in the vaginal area, and occurrences of burning either during or after urination. Again, a medicated cream was prescribed. The record does not indicate that sexual abuse was a consideration at either of these visits.

Over a year later, on June 9, 2003, Lori took the daughter back to the clinic with similar complaints of a vaginal rash and burning urination. This time Dr. Salahuddin, a rheumatologist, saw the girl. Dr. Salahuddin conducted a urinalysis and found an e-coli infection. He did not physically examine the girl during this visit and when

---

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota.

Lori raised concerns about possible sexual abuse, the doctor referred her to Pine Ridge Hospital and the appropriate state agencies. Lori did not take the daughter to the hospital after this visit nor did she contact any state agency.

In February 2004, Lori verbalized to No Neck her fear that No Neck was sexually assaulting their children. No Neck started counseling at a mental health center and Lori participated, too. In March 2004, Lori took the children to the hospital for the first time for examinations of sexual abuse. At this point law enforcement became involved. In April 2004, during separate visits, Dr. Strong, a pediatrician in Rapid City, examined both children based on a referral received from the FBI. During the examination of the daughter, the girl was extremely frightened and nearly hysterical, almost as if (according to Dr. Strong) she had been recently assaulted. However, there were no lacerations or scars in the girl's vaginal area and her exam was within "normal [medical] limits."

Dr. Strong examined the couple's son around that same time as well and discovered a scar along his anal verge, about one-third to one-half inch in length. At some point in the past there had been a tear in his anal opening. The boy had a history of constipation and diarrhea and, while Dr. Strong testified that constipation was one possible source of the anal fissure, it was "medically unlikely" that this was the cause of the injury given the width of the scar. Dr. Strong believed the scar was indicative of a penetrating injury. Dr. Strong did not medically diagnose either child as having been sexually abused but testified that her findings were consistent with that history.

Both children testified at trial. Neither child wanted to speak of the alleged acts in detail and used general terms in response to many of the attorneys' questions. The boy basically testified that No Neck hurt "[m]y butt"–the part he uses to go to the bathroom. He indicated that No Neck hurt the "inside" of him using the front part of No Neck's genitalia where No Neck goes "potty," his "[p]ee pee," and that act made the boy feel bad.

The girl also testified that she was hurt by No Neck. She described the incidents by saying that No Neck hurt her "back" by touching her. She reluctantly revealed that her "back" was the part she sits on–her butt. She testified that No Neck touched her on the "middle front," too. Her testimony was that No Neck used what felt like a "stick," although she did not see it, to touch her in both of these parts.

No Neck argues that neither child ever testified directly about No Neck using his hands to touch or penetrate them. No Neck's daughter did, however, testify that No Neck used his hands to hold her down. No Neck's son indicated on direct examination that he did not remember what No Neck did with his hands and in response to defense questioning, testified that when No Neck touched his son with No Neck's "[p]ee pee," No Neck did not do anything with his hands.

No Neck points out that even though Lori and No Neck "separated" in March 2004, she continued contact with No Neck and even allowed the children to spend time with him as late as August 2004. Lori did not want the authorities to know of these visits at the time but Lori was investigated for allowing the kids contact with No Neck. And, at the time Lori left No Neck, she thought that No Neck was seeing other women and she gave him an ultimatum about quitting his job and staying home with his family. Finally, at trial, the district judge refused to allow evidence that Lori had also accused her brother of molesting her children in the past–allegations the brother claims were false.

## II.    DISCUSSION

### A.    Denial of Motion for Judgment of Acquittal

We employ a strict standard of review regarding denials of motions for acquittal, viewing the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all

reasonable inferences supported by the evidence. <u>United States v. Littrell</u>, 439 F.3d 875, 880 (8th Cir.), <u>cert. denied</u>, 127 S. Ct. 331 (2006). We will not lightly overturn the jury's verdict and will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. <u>United States v. Howard</u>, 413 F.3d 861, 864 (8th Cir. 2005).

The criminal acts charged in the indictment are anatomically specific. <u>United States v. Plenty Arrows</u>, 946 F.2d 62, 65 (8th Cir. 1991) (acknowledging the specificity of the charges and carefully reviewing the evidence, ultimately determining the government did not meet its burden). As to his daughter, No Neck was charged with committing aggravated sexual abuse based on three different sexual acts: (1) touching, not through the clothing, of her vagina by the hand (Count I); (2) penetration, however slight, of her vagina with his hand (Count II); and (3) penetration, however slight, of her anus with his hand (Count III). On each of these three charges, the jury ultimately found No Neck guilty of the lesser-included offense of abusive sexual contact[2] in violation of 18 U.S.C. § 2244. As to his son, No Neck was charged with committing aggravated sexual abuse based on two different sexual acts: (1) touching, not through the clothing, of his penis by the hand (Count V);[3] and

---

[2]The "sexual contact" contemplated by 18 U.S.C. § 2244 means "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

[3]We question, but do not answer, why the government included the words "by the hand" in Counts I and V. The definition of "sexual act" contained in section 2246(2)(D) is not as specific–it merely requires the government to prove the "intentional touching, not through the clothing, of the genitalia of another person." Regardless, "[w]hen an indictment includes all of the essential elements of an offense, but also treats other, superfluous matters, the superfluous allegations may be disregarded and the indictment is proper." <u>United States v. Wells</u>, 127 F.3d 739, 743 (8th Cir. 1997); <u>United States v. McIntosh</u>, 23 F.3d 1454, 1457 (8th Cir. 1994) ("Allegations in the indictment that are not necessary to establish a violation of a

(2) penetration, however slight, of the anus with No Neck's penis (Count VI). The jury acquitted No Neck on Count V and found him guilty of Count VI.

No Neck claims the government failed to show that he used his hands in committing four of the five charged offenses as charged in the indictment. He further claims that the resulting guilty verdict on the lesser-included offenses for Counts I, II, and III can only be seen as one resting upon mere speculation and suspicions of guilt arising from the very nature of the charges themselves. And, as to the guilty verdict on Count VI, aggravated sexual abuse, No Neck argues the prosecution did not prove penetration of the son's anus.

Applying our strict standard of review, and after a detailed review of the evidence in this case, we affirm the district court's denial of No Neck's motion for acquittal on each count. During trial, the government attempted to elicit testimony from the daughter about No Neck's use of his hands during the alleged incidents. Although she indicated that No Neck used his hands to hold her down, she denied that he ever used his hands or fingers to touch her. However, she did testify that No Neck touched her "middle front." Viewing this evidence in the light most favorable to the guilty verdict, and recognizing that No Neck was convicted on the lesser-included offenses in Counts I, II, and III, this evidence supports even the greater charge in Count I for touching, not through the clothing, of the vagina. Section 2246(2)(D) does not require the government to prove specifically that No Neck used his hands.

As to the evidence of penetration required by Counts II and III, when questioned by the government whether "[i]n the front did it go inside?" she answered, "[n]o" and followed up that it was "[o]utside." When they discussed potential penetration of her anus, the girl testified that "[n]o" something did not go in "that part where the poop comes out" but "yes" he hurt the "[m]iddle" part of her butt, "the part

---

statute are surplusage and may be disregarded if the remaining allegations are sufficient to charge a crime.").

-6-

way in there."  They did not, however, discuss what in fact hurt "the part way in there."  Notwithstanding, on appeal, the discussion of No Neck hurting "the part way in there" is sufficient evidence to support the greater charge in Count III of penetration, however slight, of the anus by a hand or a finger or by any object as required by 18 U.S.C. § 2246(2)(C).[4]  And, even though there was no evidence of penetration to support his conviction on Count II of penetration of the vagina, there was sufficient evidence to support a charge on the lesser-included offense of sexual contact with her vagina, the offense on which he was convicted.[5]  Accordingly, the district court did not err in denying No Neck's motion for acquittal on Count II.

As to Count VI, which required evidence of penetration, however slight, of No Neck's son's anus with No Neck's penis, No Neck's son testified that No Neck hurt "my butt"–the part he uses to go to the bathroom.  Construing the evidence as we should, he indicated that No Neck hurt the "inside" of him using the front part of No Neck's genitalia where No Neck goes "potty," his "[p]ee pee," and that act made the boy feel bad.  This testimony, alone, supports the jury's verdict notwithstanding the fact that the government additionally presented supporting medical evidence of a scar along the boy's anal verge that was consistent with a history of sexual abuse.  For these reasons, we affirm the district court's denial of No Neck's motion for acquittal on Count VI.

We find error, though, on Count V, which required proof of intentional touching, not through the clothing, of the son's penis.  When asked which part of him was hurt by No Neck, No Neck's son testified, only, "[m]y butt."  The boy's testimony centered on how No Neck hurt his butt during the entirety of his direct and cross

---

[4]By statute, the penetration does not have to be effected by the hand.  Again, the government unnecessarily limited itself in the indictment.

[5]The indictment is, for legal purposes, sufficient notice to No Neck that he may be called to defend a lesser-included charge.  Walker v. United States, 418 F.2d 1116, 1119 (D.C. Cir. 1969).

examinations, and even answered "[n]o" when asked "did he touch you any other places?" and "[y]es" when asked "[n]ot in front of you, in the back of you?" There was no testimony from the boy regarding any touching, through the clothing or otherwise, of the boy's penis as Count V requires. Thus, the district court erred in denying No Neck's motion for acquittal on this count. However, because the jury ultimately acquitted No Neck on Count V, which required proof of intentional touching, not through the clothing, of the son's penis, the district court's error is harmless.

In the end, we look to the statutory elements contained in the statutes themselves. Because the statute did not require proof of touching with the hands specifically, No Neck's arguments in this regard are unavailing. Accordingly, we affirm the district court in its denial of No Neck's motion for judgment of acquittal.

## B.    Instructions on Lesser-Included Offenses

No Neck challenges the instruction on the lesser-included offense of sexual contact as to each count charged in the indictment. We review jury instructions under an abuse of discretion standard. United States v. Beckman, 222 F.3d 512, 520 (8th Cir. 2000). There was no abuse of discretion here. "It is undisputed that abusive sexual contact is a lesser-included offense of aggravated sexual abuse." United States v. Two Bulls, 940 F.2d 380, 381 (8th Cir. 1991). No Neck's arguments to the contrary are therefore without merit and we affirm.

## C.    Evidentiary Challenge

On appeal, No Neck also challenges the district court's exclusion of evidence that he sought to introduce during his case-in-chief. We review this ruling for an abuse of discretion. United States v. Claxton, 276 F.3d 420, 422 (8th Cir. 2002).

-8-

Questioning her credibility, No Neck sought to introduce evidence that Lori had also previously accused her brother of sexually abusing the children. The prosecution objected to the testimony and the district court sustained the objection, saying, "I am not going to open up this can of worms. . . . I'm sorry, it's too late; too little too late."

The credibility of an accuser is generally relevant. See United States v. Turning Bear, 357 F.3d 730, 734-35 (8th Cir. 2004) (remanding for new trial because the district court improperly excluded testimony calling into question the truthfulness of one of the defendant's child accusers and victims). Even though Lori did not claim to have direct evidence of the alleged abuses, she certainly was the accuser who initially brought these allegations to light. Her credibility, therefore, was relevant. The district court abused its discretion in refusing to allow No Neck the opportunity to question Lori's prior accusations during his case-in-chief. At the very least, No Neck had the right to ask Lori if she had, in fact, previously falsely accused her brother of a similar offense. Fed. R. Evid. 608(a), (b).

The court's error here, however, was harmless in light of the victims' testimony. No Neck is not entitled to relief if this error was "so unimportant and insignificant that [it] may . . . be deemed harmless" beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 22 (1967). The government's case rested largely on the testimony of No Neck's children. The exclusion of the evidence regarding Lori's truthfulness does not diminish the gravamen of the children's testimony. The jury could have discounted Lori's testimony entirely and arrived at the same result in this case. "[T]he guilty verdict actually rendered in *this* trial was surely unattributable to the error." Sullivan v. Louisiana, 508 U.S. 275, 279 (1993).

## D.    Reasonableness of Sentence

Our standard of review regarding reasonableness claims is for abuse of discretion. United States v. Shepard, 462 F.3d 847, 875 (8th Cir.), cert. denied, 2006

WL 3245008 (U.S. Dec. 11, 2006). However, we review the district court's application of the guidelines de novo. United States v. Huber, 462 F.3d 945, 949 (8th Cir. 2006).

No Neck claims that in arriving at the advisory guideline sentence, the district court improperly imposed the cross-reference contained at section 2A3.4(c)(1). And, in doing so, his sentences on the lesser-included offenses for abusive sexual contact were lengthened to what they would have been if the jury had convicted him on aggravated sexual abuse charges. No Neck objected to the application of the cross-reference in the PSR, claiming that the cross-reference is unavailable given the jury's findings and rejection of the greater offenses.

The district court did not err in applying the 2A3.4(c)(1) cross-reference on Counts I, II and III. Section 2A3.4(c)(1) states that "[i]f the offense involved criminal sexual abuse or attempt to commit criminal sexual abuse (as defined in 18 U.S.C. § 2241 or § 2242), apply § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse)." Discussed in detail above, there was evidence adduced at trial of acts punishable under 18 U.S.C. § 2241 for aggravated sexual abuse and defined at 18 U.S.C. § 2246(2), even though the jury convicted No Neck of the lesser-included offense of abusive sexual contact. Acquitted conduct may be used for sentencing purposes if proved by a preponderance of the evidence. United States v. Whatley, 133 F.3d 601, 606 (8th Cir. 1998). Therefore, the cross-reference was appropriately applied by the district court and the ultimate sentence was reasonable.

Finally, the imposition of a lifetime of supervised release, also challenged by No Neck, was not an abuse of discretion here. The court appropriately considered the offense charged, the presentence report and all of the evidence presented at trial and made an informed decision.

## III.  CONCLUSION

For the reasons stated herein, we affirm.

_____