# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2500

_____

United States of America,          *
                                   *
            Appellee,              *
                                   *     Appeal from the United States
      v.                           *     District Court for the
                                   *     District of South Dakota.
Benedict Lovejoy,                  *
                                   *     [UNPUBLISHED]
            Appellant.             *

_____

Submitted: June 1, 2007
Filed: June 6, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Benedict Lovejoy appeals the sentence the district court[1] imposed after he pleaded guilty to abusive sexual contact with a minor under the age of 12, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), 2241(c), and 2246(3). In a brief filed under Anders v. California, 386 U.S. 738 (1967), counsel argues that the 120-month prison sentence is excessive and an abuse of discretion.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

We disagree. In sentencing Lovejoy to the statutory maximum (which was also the undisputed advisory Guidelines sentence), the district court properly considered the 18 U.S.C. § 3553(a) factors, and nothing in the record indicates that the sentence is unreasonable. See United States v. Booker, 543 U.S. 220, 261-62 (2005) (sentences are reviewed for unreasonableness; § 3553(a) factors will guide appellate courts in determining whether sentence is unreasonable); United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (reasonableness review is akin to review for abuse of discretion); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (abuse of discretion may occur if court failed to consider relevant factor that should have received significant weight, gave significant weight to improper or irrelevant factor, or considered only appropriate factors but committed clear error of judgment in weighing them). Further, the sentence is not grossly disproportionate to the crime. See United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003) (Eighth Amendment forbids only extreme sentences that are grossly disproportionate to crime); United States v. No Neck, 472 F.3d 1048, 1055 (8th Cir. 2007) (affirming sentence of 292 months in prison and lifetime of supervised release for defendant convicted of abusive sexual contact and aggravated sexual abuse).

As for Lovejoy's pro se assertion that trial counsel's representation was lacking, ineffective-assistance claims are more properly raised in 28 U.S.C. § 2255 proceedings, where the record can be developed. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the district court's judgment.

_____