**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 12, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

> Plaintiff-Appellee,

v.

JAMES RICCARDI,

> Defendant-Appellant.

No. 07-3115
(D.C. No. 02-CR-20060-JWL)
(06-CV-03278-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EBEL**, and **MCCONNELL**, Circuit Judges.

Defendant-appellant James Riccardi was convicted on two counts of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and two counts of using an instrumentality of interstate commerce to entice a minor to engage in a prohibited sex act, in violation of 18 U.S.C. § 2242(b). The district court calculated that Riccardi's total offense level was 37 and thereby sentenced

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him to a prison term of 262 months.[1]  This court affirmed Riccardi's conviction

and sentence.  See United States v. Riccardi, 405 F.3d 852 (10th Cir. 2005).

Riccardi has now filed a petition for habeas corpus, raising two arguments.  First,

he asserted that he received ineffective assistance of counsel during his plea

negotiations, and second, he claimed that his counsel was ineffective at

sentencing.

After considering his arguments and the record before the court, the district

court denied Riccardi's petition without a hearing.  The district court, however,

granted Riccardi a certificate of appealability ("COA") on the issue of whether,

pursuant to 28 U.S.C. § 2255(b), he was entitled to an evidentiary hearing on his

first ineffective assistance claim.  This court then additionally granted Riccardi a

COA on his second ineffective assistance of counsel claim.[2]  Exercising

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, we affirm.

---

[1] The district court calculated the applicable offense level as follows: the base offense level on Count II was 27 due to the fact that Riccardi transported minors to produce child pornography.  See U.S.S.G. §§ 2G2.4(c)(1), 2G2.1(a). The court then applied a two-level enhancement because the Count II victims' ages were between 12 and 16.  See id. § 2G2.1(b)(1)(B).  The court then added three levels because there were three victims of the Count II crime.  See id. § 3D1.4.  Lastly, the court enhanced the offense level by five steps due to Riccardi's pattern of activity of prohibited sexual conduct.  See id. § 4B1.5(b)(1).

[2] In the same order, we denied Riccardi's request for additional discovery.

## I.    Evidentiary hearing

We review whether a district court erred by denying a petitioner's request for a hearing pursuant to § 2255(b) for an abuse of discretion. United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002). Thus, we "will not reverse the district court without a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." United States v. Griffin, 389 F.3d 1100, 1103 (10th Cir. 2004). Riccardi claims that the district court erred by deciding this issue without a hearing because there is "no existing trial record" upon which the court could base its decision. As discussed in greater detail below, this statement is simply incorrect. The district court reached its decision based on several documents in the record, and therefore did not abuse its discretion by denying Riccardi's request for a hearing.

Section 2255(b) dictates that the district court must conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the district court explicitly stated that it had reviewed the record and submissions of the parties and concluded on that basis that Riccardi was not entitled to relief. See United States v. Marr 856 F.2d 1471, 1472 (10th Cir. 1988) (noting the requirement that a district court "must indicate that the court reviewed the records

in the case"). Accordingly, we must determine whether the district court abused its discretion by relying solely on the record to reach its decision.

The two-part test from Strickland v. Washington, 466 U.S. 668 (1984), is familiar, and applies to ineffective assistance claims relating to plea negotiations. United States v. Carter, 130 F.3d 1432, 1442 (10th Cir. 1997). The Strickland test generally requires a petitioner to demonstrate: (i) that "counsel's representation fell below an objective standard of reasonableness" and (ii) that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 688, 694. In the context of the case at bar, counsel satisfies the objective standard of reasonableness if he communicates his "informed opinion as to what pleas should be entered." Carter, 130 F.3d at 1442. With respect to the second prong, we require a demonstration that "but for the incompetent counsel a defendant would have accepted the plea offer and pleaded guilty." Id.

The record in the instant case demonstrates that the district court did not abuse its discretion by denying Riccardi's request for a hearing. Three documents in the record are relevant to our inquiry. The first, a letter from Riccardi's attorney to Riccardi, which Riccardi attached to his § 2255 motion, explains the possible sentencing ramifications Riccardi faced from the plea agreement the government offered: "Under such an agreement, as we discussed, the guidelines could place your sentence at anywhere from 18 to 46 months imprisonment,

depending on the enhancements recommended in the presentence investigation

report . . . ." The letter then explained that Riccardi could face significantly more

jail time if he elected to proceed to trial:

> After numerous conversations, you have indicated to us that you desire to proceed to trial rather than accept this proposed plea bargain. As you are aware from our prior discussions, if you proceed to trial and were convicted on all counts, the maximum sentence of imprisonment that you could face is fifteen years.

The second document is a memorandum drafted by Riccardi's attorneys,

which Riccardi also attached to his § 2255 motion. That memorandum addressed

different possible scenarios for the application of the sentencing guidelines and

noted that Riccardi could face a total offense level of 33, which would result in a

guideline range of 135–168 months. The memorandum also noted, however, that

an upward departure could be warranted. The final document is a letter attached

to an affidavit from one of Riccardi's lawyers. Riccardi sent his lawyer the letter

while his appeal was pending but after the district court sentenced him to 262

months. The letter states: "I now realize that I've made the biggest mistake of my

life by not working out a plea agreement. Both you and Jim warned me and I

have no one else to blame but myself."

These three documents demonstrate "conclusively . . . that the prisoner is

entitled to no relief." 28 U.S.C. § 2255(b). The letter and sentencing

memorandum both advised Riccardi that he faced significant sentences if he

proceeded to trial. While the district court ultimately imposed a longer sentence

than predicted by counsel, the disparity between the predictions and the actual result does not satisfy Strickland's first prong. See United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir. 1993) ("A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."). Moreover, the record unambiguously demonstrates that counsel's allegedly deficient conduct does not satisfy Strickland's second prong. To this end, the record clearly states that Riccardi recognized that his desire to proceed to trial was "the biggest mistake of [his] life," and that he had "no one else to blame but [himself]." Thus, nothing in the record suggests that Riccardi would have pleaded guilty but for his counsel's conduct.

In light of our determination that the record demonstrates that Riccardi can satisfy neither of the Strickland prongs, we conclude that the district court did not abuse its discretion by denying Riccardi's request for a § 2255(b) evidentiary hearing.

## II.    Sentencing

We review "the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Id. at 1197.

Riccardi contends that he received ineffective assistance of counsel because his attorney failed to argue that the district court's application of sentencing enhancements pursuant to U.S.S.G. §§ 2G2.1 and 4B1.5(b) constituted impermissible double counting.[3] This argument, however, fails to satisfy <u>Strickland</u>'s first prong because § 2G2.1's and § 4B1.5(b)'s reliance on the same conduct does not constitute impermissible double counting. Accordingly, the district court did not err in imposing the § 4B1.5 sentence enhancement on Riccardi, and therefore, counsel's failure to raise a double counting argument at sentencing does not fall below the objective standard of reasonableness.

Section 4B1.5(b) applies a five-level enhancement if three criteria are met: (i) "the defendant's instant offense of conviction is a covered sex crime"; (ii) neither § 4B1.1 nor § 4B1.5(a) applies; and (iii) "the defendant engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b). The comments to this section clarify that "the defendant engaged in a pattern of activity involving prohibited sexual conduct if (I) on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor; and (II) there were at least two minor victims of the prohibited sexual conduct." <u>Id.</u> cmt. n.4(B)(i). Section 2G2.1, on the other hand, dictates that if the instant offense "involved the exploitation of more than one minor," then the grouping

_____

[3] Riccardi was sentenced in April 2003. Accordingly, the district court applied the version of the Sentencing Guidelines effective November 1, 2002.

instructions at § 3D1.4 "shall be applied as if the exploitation of each minor had been contained in a separate count of conviction." Id. § 2G2.1. Although the applicability of both of these provisions depends on multiple minor victims, the simultaneous application of the provisions does not constitute impermissible double counting because the sections focus on different aspects of Riccardi's crime.

We have defined impermissible double counting to occur "when the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." United States v. Fisher, 132 F.3d 1327, 1329 (10th Cir. 1997) (internal quotation marks omitted) (quoting United States v. Blake, 59 F.3d 138, 140 (10th Cir. 1995)). Thus, "[t]he same or similar conduct may justify the application of more than one enhancement where more than one discrete effect emanates from the conduct." Id. In the instant case, the application of §§ 2G2.1 and 4B1.5 does not constitute impermissible double counting because the provisions focus on different effects of Riccardi's conduct. While § 2G2.1 allows for an enhancement for multiple victims, § 4B1.5 allows for enhancement if a defendant exploited victims on multiple occasions.[4] See, e.g., United States v.

_____

[4] The application of § 2G2.1 focused on the fact that Riccardi produced child pornography involving three separate individuals. The application of § 4B1.5 focused on the fact that Riccardi engaged in prohibited sexual conduct with different victims on multiple occasions.

Peck, 496 F.3d 885, 891 (8th Cir. 2007) ("The application of § 2G2.1(d)(1) punished [the defendant] for exploiting three different minors, while the § 4B1.5(b)(1) enhancement punished him for exploiting those minors on multiple occasions. As such, the separate enhancements for the number of minors [the defendant] exploited and for the fact that [the defendant] exploited the minors on multiple occasions are not premised on the same harm."); see also United States v. Fadl, 498 F.3d 862, 867 (8th Cir. 2007) (reaching a similar conclusion); United States v. Schmeilski, 408 F.3d 917, 920 (7th Cir. 2005) (same).

Given that the simultaneous application of §§ 2G2.1 and 4B1.5 does not constitute impermissible double counting in this case, we conclude that counsel's failure to raise such an argument at sentencing does not fall below the objective standard of reasonableness. Therefore, it follows that the district court properly denied the second argument raised in Riccardi's petition for habeas corpus, and accordingly, we AFFIRM both of the district court's decisions at issue in this appeal. In addition, we GRANT Riccardi's motion to proceed in forma pauperis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge