# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3731

_____

United States of America,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　　*　District Court for the Western
　　　　　　　　　　　　　　　　　　*　District of Missouri.
Farhad Soltani,　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　Appellant.　　　　　　　*

_____

Submitted: September 21, 2009
Filed: January 11, 2010

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

A jury convicted Farhad Soltani of possessing a firearm as an unlawful user of a controlled substance, marijuana, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). The district court[1] sentenced Soltani to 41 months' imprisonment, three years' supervised release, and a $100 special assessment. Soltani challenges the district court's denial of his motions for acquittal, which he filed at the close of the government's evidence and at the close of all evidence, claiming the evidence

_____

[1]The Honorable Scott O. Wright, United States District Court for the Western District of Missouri.

presented at trial was insufficient to sustain his conviction. For the following reasons, we affirm.

We review a motion for judgment of acquittal de novo, <u>United States v. Espinosa</u>, 585 F.3d 418, 423 (8th Cir. 2009), "viewing the evidence in the light most favorable to the guilty verdict, resolving all evidentiary conflicts in favor of the government, and accepting all reasonable inferences supported by the evidence." <u>United States v. No Neck</u>, 472 F.3d 1048, 1052 (8th Cir. 2007). This is a "strict standard of review" and we "will reverse only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." <u>Id.</u>

At trial, the government presented evidence demonstrating that on August 11, 2006, law enforcement officers in Kansas City, Missouri, executed a search warrant on Soltani's residence. After entering the residence, the officers located and detained Soltani and a female, found an assault rifle and a revolver underneath a bed in a room Soltani had recently occupied, smelled the odor of marijuana, and discovered 230.65 grams of marijuana in a clear freezer bag inside a plastic grocery sack. The officers arrested Soltani, took him to the police headquarters, and advised him of his <u>Miranda</u> rights. After signing a <u>Miranda</u> waiver, Soltani admitted that the marijuana located in his residence was for his personal use and that he has used marijuana daily since he was approximately twelve years old. Soltani elaborated that he smokes marijuana from the time he wakes up until he goes to sleep. Finally, Soltani admitted that he purchased the assault rifle a year before the arrest and that he received the revolver approximately a week before the arrest.

Under 18 U.S.C. § 922(g)(3), it is illegal for a person "who is an unlawful user of . . . any controlled substance . . . to . . . possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been

shipped or transported in interstate or foreign commerce."[2]  To establish that a defendant was an unlawful user of marijuana while possessing a firearm, the government need not prove "contemporaneous use of a controlled substance and possession of a firearm." United States v. Mack, 343 F.3d 929, 933 (8th Cir. 2003). Indeed, it is sufficient "for the government to demonstrate that [Soltani] was a 'user of any controlled substance' during the period of time he possessed the firearms." Id. Soltani argues that there was insufficient evidence to support his conviction because the sole evidence connecting Soltani's usage of marijuana to the firearms found in Soltani's residence was Soltani's uncorroborated admission that he was a daily user of marijuana.  While we agree that "a conviction must rest upon firmer ground than the uncorroborated [extrajudicial] admission or confession of the accused," Wong Sun v. United States, 371 U.S. 471, 488-89 (1963), we disagree that Soltani's extrajudicial admissions regarding his drug use and possession of firearms were uncorroborated by the evidence presented in this case.

"To satisfy the corroboration requirement, the government . . . must support the essential facts admitted in the statement sufficiently to establish the corpus delicti. The evidence is sufficient if there is substantial independent evidence which would tend to support 'the essential facts admitted sufficiently to justify a jury inference of their truth.'" United States v. Maxwell, 363 F.3d 815, 818 (8th Cir. 2004) (quoting Opper v. United States, 348 U.S. 84, 93 (1954)).  In the present case, Soltani admitted to using marijuana daily since he was approximately twelve years old.  This admission was sufficiently corroborated by the government's evidence that officers smelled and located marijuana in Soltani's residence while he was present.  See Mack, 343 F.3d at 933-935.  Moreover, Soltani admitted to possessing an assault rifle for a year before his arrest and to possessing a revolver for a week before his arrest.  This admission was sufficiently corroborated by the government's evidence that officers found both

---

[2]The parties stipulated at trial that the rifle and revolver are firearms as defined in 18 U.S.C. § 921(a)(3), and that they traveled in and affected interstate commerce.

an assault rifle and a revolver in Soltani's residence in a room that Soltani had recently occupied.  United States v. Moore, 735 F.2d 289, 293 (8th Cir. 1984).

After reviewing the evidence in this case, including Soltani's corroborated confessions, in a light most favorable to the guilty verdict, we conclude that a reasonable jury could have found Soltani guilty beyond a reasonable doubt of being a marijuana user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2).

Accordingly, we affirm.

_____