**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JESSE N. EVANS, a/k/a Jesse Evans,

      Defendant - Appellant.

No. 14-1142

**ORDER**

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Appellee has filed a motion to publish the order and judgment previously issued on March 3, 2015. The motion is granted. The published opinion is filed nunc pro tunc to that date, and a copy is attached.

Appellant's petition for rehearing is denied.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

PUBLISH

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESSE N. EVANS, a/k/a Jesse Evans,

    Defendant - Appellant.

No. 14-1142

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:12-CR-00325-WJM-1)**

---

Submitted on the briefs:[*]

Kathleen A. Lord, Lord Law Firm, LLC, Denver, Colorado, for Defendant-Appellant.

John F. Walsh, United States Attorney, Judith A. Smith, Assistant United States Attorney, District of Colorado, Denver, Colorado, for Plaintiff-Appellee.

---

Before **MORITZ**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

---

**PORFILIO**, Circuit Judge.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Jesse N. Evans appeals his sentence imposed on his guilty plea to production of child pornography. We affirm.

## I. Background

In 2012, authorities discovered 4800 child-pornography videos and images in Evans's possession, at least 100 of which depicted his own minor daughters and his minor niece. Evans was charged with five counts of production, distribution, and possession of child pornography. He eventually entered a guilty plea to an added sixth count of production of child pornography, in violation of 18 U.S.C. § 2251(a), and the government dismissed the original indictment. In his guilty plea, Evans admitted that he had produced child pornography of two minor victims between January 2010 and November 25, 2011.

Over Evans's objection, the district court applied § 4B1.5(b) of the United States Sentencing Guidelines (USSG or Guidelines), which provides for a five-point sentence enhancement if "the defendant's instant offense of conviction is a covered sex crime . . . and the defendant engaged in a pattern of activity involving prohibited sexual conduct." The district court specifically found that Evans had produced child-pornography videos on November 5, 2011, and November 25, 2011, thus satisfying the "pattern of conduct" element of § 4B1.5(b). The resultant Guidelines sentencing range was 360 months. The district court granted Evans's motion for a downward variance, and sentenced him to 252 months in prison.

Evans claims § 4B1.5(b) does not apply to him because the "pattern of activity" requirement is not met. He contends that § 4B1.5(b) does not apply to any act of production occurring during the period of almost two years covered by his guilty plea—January 2010 through November 25, 2011. He also asserts that the district court erred in applying § 4B1.5(b) because the government did not request it, and he claims the enhancement should not have been applied in the interest of fairness.

## II.    Discussion

Evans preserved his objection to § 4B1.5(b) at the sentencing hearing, so "we review the district court's legal conclusions under the Guidelines de novo and its findings of fact for clear error, giving great deference to the district court's application of the Guidelines to the facts." *United States v. Salas*, 756 F.3d 1196, 1204 (10th Cir. 2014) (internal quotation marks omitted).

The application notes to § 4B1.5(b) state that a pattern of activity may exist "if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." USSG § 4B1.5(b) cmt. n. 4(B)(i). The notes further provide that "[a]n occasion of prohibited sexual conduct may be considered . . . *without regard to whether the occasion (I) occurred during the course of the instant offense; or (II) resulted in a conviction for the conduct that occurred on that occasion.*" *Id.* cmt. n. 4(B)(ii) (emphasis added). "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or

a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United* States, 508 U.S. 36, 38 (1993). The plain language of the commentary makes clear that the conduct underlying the present offense of conviction—in this case, production of the two videos on November 5 and 25, 2011—may provide the "pattern of activity" covered by § 4B1.5(b). Because "[w]e find the plain language of the sentencing guidelines and the accompanying commentary to be dispositive," *United States v. Dell*, 359 F.3d 1347, 1349 (10th Cir. 2004), we, like the Eighth Circuit, "hold that [§ 4B1.5(b)] may apply where . . . the only pattern of [activity] is conduct involved in the present offense of conviction." *United States v. Rojas*, 520 F.3d 876, 883 (8th Cir. 2008); *see also United States v. Broxmeyer*, 699 F.3d 265, 285 (2d Cir. 2012) (according § 4B1.5(b) its plain meaning: "'separate' means the two occasions must be separate from each other, not that the two occasions demonstrating a pattern must be separate from (and in addition to) the crime of conviction").

In an alternative argument, Evans contends that the district court should not have applied § 4B1.5(b) in the interests of fairness because the government did not request application of the Guideline. He also points out that the plea agreement stated that the repeat and dangerous sex offender adjustment, § 4B1.5(b), tentatively would not apply. Evans concedes that the district court was not bound by this statement or any understanding between counsel. Indeed, the district court had a duty to consider and apply the applicable Guidelines when fashioning Evans's

sentence. *See* 18 U.S.C. § 3553(a)(4)(A) (including the applicable guidelines range in the sentencing factors the court should consider); *United States v. Booker*, 543 U.S. 220, 264 (2005) ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing."). Having held that § 4B1.5(b) applies to Evans's conviction, we discern no abuse of discretion in the district court's sentencing decision. *See United States v. Morrison*, 771 F.3d 687, 691 (10th Cir. 2014) (stating reasonableness of a sentence is reviewed for abuse of discretion).

## III. Conclusion

Evans's motion to seal the unredacted transcript of the sentencing hearing—Attachment B to appellant's original opening brief—is granted. The unredacted version of Attachment B shall permanently remain under seal. The judgment of the district court is affirmed.