# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 20-1118

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lawrence Oakie, also known as LBJ

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Pierre

——————————

Submitted: November 17, 2020
Filed: April 12, 2021
[Published]

——————————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Lawrence Oakie received a sentence of 96 months in prison after a jury found him guilty of three counts of abusive sexual contact of a child. *See* 18 U.S.C.

§§ 1153, 2244(a)(5), 2246(3). He challenges the sentence and the district court's[1] refusal to allow him to counter a prior sexual-assault allegation. We affirm.

I.

At a weekend gathering, Oakie touched a 10-year-old girl, B.J.W., on her chest, squeezed her "front private spot," and rubbed her buttocks after she had gone to bed. B.J.W.'s older sister, who was in the room at the time, witnessed the abuse. Both B.J.W. and her sister identified Oakie as the abuser.

At trial, the government introduced evidence of a prior sexual-assault accusation against Oakie—one in which he had allegedly molested a 10-year-old girl named L.P. She testified that when Oakie was staying with her family several years earlier, he had vaginally penetrated her while she was asleep. Although the jury heard testimony from L.P. and her mother about the assault, it never learned that Oakie had been acquitted of the charge.

At the close of evidence, the jury found Oakie guilty of all three counts. At sentencing, a dispute arose over whether the prior sexual assault was part of "a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1) (imposing a five-level enhancement). Even though Oakie had been acquitted, the district court found that the prior abuse had taken place and that it was "somewhat strikingly similar" to what happened here. After accounting for the enhancement— which increased the recommended range under the Sentencing Guidelines from 51 to 63 months to 87 to 108 months—the court settled on a 96-month prison sentence.

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

## II.

"In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation . . . [for] any matter to which it is relevant." Fed. R. Evid. 414(a). Despite objecting at trial, Oakie no longer contests the admissibility of the prior sexual assault or the testimony describing it. Rather, he argues that, even if it was admissible, something else was too: the acquittal.

There are at least two problems with Oakie's argument. *See United States v. Vega*, 676 F.3d 708, 719 (8th Cir. 2012) (reviewing for an abuse of discretion). The first is that the acquittal was irrelevant "because [it] d[id] not prove innocence" but "simply show[ed] that the government did not meet its burden of proving guilt beyond a reasonable doubt." *Id.* at 720 (quotation marks omitted); *see United States v. Wells*, 347 F.3d 280, 286 (8th Cir. 2003). The other is that there was no easy way to admit it without violating the hearsay rule. *See* Fed. R. Evid. 801; *Vega*, 676 F.3d at 720; *Wells*, 347 F.3d at 286. It is, after all, an out-of-court statement that Oakie tried to offer for the truth of the matter asserted. *See* Fed. R. Evid. 801; *Vega*, 676 F.3d at 720; *Wells*, 347 F.3d at 286. It is perhaps unusual to think of a jury as a declarant, but its statement still qualifies as hearsay. *See United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979) (noting that, although there is a hearsay exception for convictions, there is nothing comparable for acquittals).

As for Oakie's fallback argument that the acquittal was admissible as impeachment evidence, it fails too. Even without admitting the acquittal itself, Oakie was able to question L.P. about how her story had changed and ask her mother about the delay in reporting. *Cf. United States v. Kirkie*, 261 F.3d 761, 767 (8th Cir. 2001) (holding that any evidentiary error was harmless when a defendant had an opportunity "to challenge the victim's credibility and argue . . . that she made false allegations out of jealousy and anger"). Indeed, the district court even instructed the jury that Oakie "ha[d] not been convicted" of the "alleged act of child molestation." *Cf. United States v. Hale*, 1 F.3d 691, 694 (8th Cir. 1993) (noting that the "jury

-3-

instructions helped alleviate any potential prejudice"). Under these circumstances, any evidentiary error was harmless because it had little to no "influence on the verdict." *United States v. White Bull*, 646 F.3d 1082, 1093 (8th Cir. 2011) (quotation marks omitted).

## III.

The district court also did not make a mistake by treating the prior abuse as part of "a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b); *see also id.* cmt. n.4(A) (defining "prohibited sexual conduct"). Nor, under the "settled [law] in this circuit," did a constitutional problem arise when the court considered Oakie's "acquitted conduct [at] sentencing." *United States v. Papakee*, 573 F.3d 569, 576 (8th Cir. 2009). The court could consider it once it found, by a preponderance of the evidence, that the prior prohibited conduct occurred, regardless of whether it "resulted in a conviction." U.S.S.G § 4B1.5(b) cmt. n.4(B)(ii); *see United States v. No Neck*, 472 F.3d 1048, 1055 (8th Cir. 2007).

Finally, the district court did not rely on a "clearly erroneous fact[.]" *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation marks omitted). Although the prosecutor made a mistake when he stated that Oakie would receive a time-served credit of 895 days rather than 523 days, the district court made clear that the extent of the credit was "not a factor" in its sentencing decision. Given this statement, there was no procedural error by the court, much less a plain one. *See United States v. Jordan*, 877 F.3d 391, 393–94 (8th Cir. 2017) (explaining that an insufficiently specific objection at sentencing results in plain-error review).[2]

---

[2]To the extent Oakie attempts to repackage his procedural-error arguments as a substantive-reasonableness challenge, they fail for the same reasons. We also conclude that his 96-month sentence is otherwise substantively reasonable. *See United States v. Washington*, 893 F.3d 1076, 1080 (8th Cir. 2018) (explaining that a within-Guidelines-range sentence is presumptively reasonable).

IV.

We accordingly affirm the judgment of the district court.

_____