FILED
**United States Court of Appeals**
**Tenth Circuit**

**PUBLISH**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

**July 26, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROLANDO CIFUENTES-LOPEZ,

    Defendant - Appellant.

No. 21-6053

_____

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. No. 5:19-CR-00364-G-1)**

_____

Submitted on the briefs:[*]

Virginia L. Grady, Federal Public Defender, and Meredith Esser, Assistant Federal Public Defender, Office of Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Robert J. Troester, United States Attorney, and Mary E. Walters, Assistant United States Attorney, Office of the United States Attorney, Oklahoma City, Oklahoma, for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE**, and **MATHESON**, Circuit Judges.

_____

**TYMKOVICH**, Chief Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

_____

Rolando Cifuentes-Lopez admitted to having commercial sex with two minors and was sentenced to 24 years and 4 months in prison.  He claims that the district court erred in applying certain sentencing enhancements pursuant to the United States Sentencing Guidelines; one enhancement for a pattern of sexual conduct with a minor, and the other for his conviction on multiple counts.  He argues that: (1) the application of a pattern of activity enhancement under U.S.S.G § 4B1.5(b)(1) should not apply to him because he engaged in only one prohibited sexual act with each minor; and (2) the application of the pattern of activity enhancement along with a multiple count enhancement, U.S.S.G. § 3D1.4, is impermissible double counting.

We find that the district court correctly applied the enhancements.  First, the pattern of activity enhancement under U.S.S.G. § 4B1.5(b)(1) can be applied to either repeated abuse of a single minor or to separate abuses of multiple minors.  Second, applying a five-level pattern of activity enhancement under U.S.S.G. § 4B1.5(b)(1) along with a two-level multiple count enhancement under U.S.S.G. § 3D1.4 is not double counting in this case because the Guidelines expressly intend cumulative application, and the enhancements serve different sentencing goals.  For the reasons below, we reject both of Cifuentes-Lopez's arguments and **AFFIRM** the district court.

## I.    Background

Cifuentes-Lopez rented a trailer home to a tenant and engaged in commercial sex with each of the tenant's two minor children.  Cifuentes-Lopez pled guilty to engaging in

prohibited sexual conduct with the two minors on one occasion each. *See* 18 U.S.C. §§ 1591(a)(1), (b)(2), (c) and 18 U.S.C. § 1594(a). The probation office generated a presentence report (PSR) with the following sentencing calculations:

- A base offense level of 30 for a violation of 18 U.S.C. § 1591(a)(1).

- A two-point increase under U.S.S.G. § 2G1.3(b)(4) because the offense involved the commission of a sex act or sexual contact.

- A two-point enhancement under U.S.S.G. § 3D1.4 because there were multiple counts of conviction that were equally serious in nature.

- A five-point enhancement under U.S.S.G. § 4B1.5(b)(1) because Cifuentes-Lopez engaged in a pattern of activity involving prohibited sexual conduct.

With acceptance of responsibility, Cifuentes-Lopez's total offense level was 36. With a criminal history category of I, the resulting Guideline range was 188 to 235 months.

At sentencing, the government argued that two additional enhancements should apply:

- A two-point enhancement under U.S.S.G. § 2G1.3(b)(2)(B) because Cifuentes-Lopez had exerted undue influence over the minors.

- A four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a) for Cifuentes-Lopez's role as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." *Id.*

Cifuentes-Lopez countered that the five-level increase pursuant to U.S.S.G. § 4B1.5(b)(1) for engaging in a pattern of activity involving prohibited sexual conduct should not be applied because he only had sex with each victim one time. Further, he argued that the application of this enhancement along with the two-level enhancement for multiple counts or multiple victims pursuant to U.S.S.G. § 3D1.4 constituted impermissible double

3

counting.  He claimed that the two enhancements did not address separate effects and did not otherwise operate independently of each other.

The district court applied all the enhancements in the PSR along with the undue influence enhancement proposed by the government.  The district court rejected Cifuentes-Lopez's objections.  Ultimately, the district court found Cifuentes-Lopez's total offense level was 38 and his criminal history category was I, resulting in a Guideline sentencing range of 235-293 months of imprisonment.  The district court sentenced Cifuentes-Lopez near the top of that range: 292 months.

## II.    Analysis

We review the district court's legal conclusions under the Sentencing Guidelines de novo and its findings of fact for clear error, "giving great deference to the district court's application of the Guidelines to the facts."  *United States v. Evans*, 782 F.3d 1115, 1117 (10th Cir. 2015) (quoting *United States v. Salas*, 756 F.3d 1196, 1204 (10th Cir. 2014).

Cifuentes-Lopez raises two arguments regarding his pattern of activity enhancement and alleged impermissible double counting.  We address each argument in turn.

### A.  Pattern of Activity Enhancement

Section 4B1.5 applies to a "Repeat and Dangerous Sex Offender Against Minors."  U.S.S.G. § 4B1.5.  Subsection (b) provides for a five-level increase in the offense level if (1) "the defendant's instant offense of conviction is a covered sex crime" and (2) "the

defendant engaged in a pattern of activity involving prohibited sexual conduct."[1]  *Id.* at

§ 4B1.5(b).  And Application Note 4(B)(i) provides that a "defendant engaged in a

pattern of activity involving prohibited sexual conduct if on at least two separate

occasions, the defendant engaged in prohibited sexual conduct with a minor."  U.S.S.G.

§ 4B1.5(b) cmt. n.4(B)(i).

In the present case, the district court applied a five-level increase for a pattern of

activity pursuant to § 4B1.5(b)(1) because Cifuentes-Lopez had engaged in prohibited

sexual conduct on more than one occasion.

Cifuentes-Lopez argues that the district court erred in applying the pattern of

activity enhancement because he engaged in only *one* prohibited sexual act with each

minor, and separate acts do not create a pattern.  *See United States v. Riccardi*, 314 F.

App'x 99, 103 (10th Cir. 2008) ("While § 2G2.1 allows for an enhancement for multiple

---

[1]  The full text of subsection (b) says:

> (b) In any case in which the defendant's instant offense of conviction is
> a covered sex crime, neither § 4B1.1 nor subsection (a) of this guideline
> applies, and the defendant engaged in a pattern of activity involving
> prohibited sexual conduct:
>
> > (1) The offense level shall be 5 plus the offense level determined
> > under Chapters Two and Three. However, if the resulting offense
> > level is less than level 22, the offense level shall be level 22,
> > decreased by the number of levels corresponding to any applicable
> > adjustment from § 3E1.1.
>
> > (2) The criminal history category shall be the criminal history
> > category determined under Chapter Four, Part A.

U.S.S.G. § 4B1.5(b).

5

victims, § 4B1.5 allows for enhancement if a defendant exploited victims on multiple occasions."). He contends that § 4B1.5(b)(1) is reserved for situations in which sexual acts have occurred with the *same* minor on multiple occasions.

We disagree with this logic. First, the Application Note says that a defendant must engage in prohibited sexual conduct with "a minor" on two separate occasions to qualify for the enhancement. U.S.S.G. § 4B1.5(b) cmt. n.4(B)(i). The word "a" indicates that the two separate occasions of sexual conduct may—but do not have to be—with one minor. *Cf. United States v. Thompson*, 402 F. App'x 378, 384 (10th Cir. 2010) ("The use of the indefinite article 'a' before 'dwelling' suggests the 'dwelling' need not be a specific dwelling."); *United States v. Jenkins*, 904 F.2d 549, 553 (10th Cir. 1990) ("Section 848's use of the indefinite article when describing '*a* position of organizer' or '*a* supervisory position or any other position of management' contemplates that a given network may have many persons in authority."). Thus, the plain meaning of the Application Note is that a pattern of activity includes when a defendant engages in sexual conduct against two different minors on separate occasions *or* against the same minor on two different occasions. *See* U.S.S.G. § 4B1.5(b) cmt. n.4(B)(i); *United States v. Oakie*, 993 F.3d 1051, 1053-54 (8th Cir. 2021) (affirming application of § 4B1.5(b) enhancement where defendant molested one girl one time and later molested a different girl one time); *United States v. Fox*, 926 F.3d 1275, 1280 (11th Cir. 2019) ("The plain meaning of 'separate occasions' . . . requires only events that are independent and distinguishable from each other. Multiple, distinct instances of abuse—whether ongoing, related, or random—meet the requirements under § 4B1.5(b)(1)."); *United States v.*

6

*Broxmeyer*, 699 F.3d 265, 285 (2d Cir. 2012) ("[W]e accord Guidelines language in the plain meaning: 'two' means two, not three; and 'separate' means the two occasions must be separate from each other.").

This interpretation is consistent with the history of the enhancement. The prior version of § 4B1.5(b)(1) required "at least two minor victims of the prohibited sexual conduct" for the enhancement to apply. *See* U.S.S.G. § 4B1.5 cmt. n.4(B)(i) (2002) ("[T]he defendant engaged in a pattern of activity involving prohibited sexual conduct if— (I) on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor; and (II) there were at least two minor victims of the prohibited sexual conduct."). The Application Note explained that a defendant engaged in a pattern of activity "if there were two separate occasions of prohibited sexual conduct and each such occasion involved a different minor"—the exact situation presented in this appeal. *Id.* In 2003, "[i]n an effort to broaden § 4B1.5(b)(1)'s scope," Congress amended Application Note 4(B)(i) "to eliminate the requirement of at least two minor victims in order for the enhancement under § 4B1.5(b)(1) to apply." *United States v. Brattain*, 539 F.3d 445, 448 (6th Cir. 2008). Thus, the enhancement was *expanded* to include repeated abuse of a single minor, not *restricted* to only instances where a defendant repeatedly abuses a single minor.

In summary, the pattern of activity enhancement under § 4B1.5(b)(1) can be applied to either repeated abuse of a single minor or separate abuses of multiple minors. Accordingly, the district court correctly applied the pattern of activity enhancement to Cifuentes-Lopez.

### B. Double Counting

The Sentencing Guidelines specify that offense level adjustments for more than one specific offense characteristic are cumulative, whereas within each specific offense characteristic they are alternative. *See* U.S.S.G. § 1B1.1, cmt. n.4. Impermissible double counting occurs in Guideline calculations when "the same conduct on the part of the defendant is used to support separate increases under separate enhancement provisions which necessarily overlap, are indistinct, and serve identical purposes." *United States v. Fisher*, 132 F.3d 1327, 1329 (10th Cir. 1997) (quoting *United States v. Blake*, 59 F.3d 138, 140 (10th Cir. 1995)). All three criteria must be satisfied to constitute double counting. *See United States v. Rucker*, 178 F.3d 1369, 1371 (10th Cir. 1999).

But a court "may apply separate enhancements to reach distinct aspects of the same conduct." *United States v. Reyes Pena*, 216 F.3d 1204, 1209 (10th Cir. 2000). There is no double counting when a court punishes "the same act using cumulative Sentencing Guidelines if the enhancements bear on 'conceptually separate notions relating to sentencing.'" *Id.* at 1209 (quoting *United States v. Lewis*, 115 F.3d 1531, 1537 (11th Cir. 1997)). Put another way, "cumulative sentencing is permissible when the separate enhancements aim at different harms emanating from the same conduct." *Reyes Pena*, 216 F.3d at 1209-10.

Here, Cifuentes-Lopez argues that his pattern of activity enhancement is impermissible double counting. He contends that the five-level pattern of activity enhancement under U.S.S.G. § 4B1.5(b)(1) cannot be applied at the same time as a two-level multiple count enhancement under § 3D1.4. *See United States v. Fadl*, 498 F.3d

862, 867 (8th Cir. 2007) (noting that "the enhancement for multiple victims could be applied without the application of an enhancement for multiple occasions, and vice-versa"). Cifuentes-Lopez contends that the two enhancements punish him for the same criminal conduct—i.e., the fact that there are multiple victims—and thus the enhancement provisions "necessarily overlap, are indistinct, and serve identical purposes." *Fisher*, 132 F.3d at 1329. In other words, Cifuentes-Lopez contends that both U.S.S.G. § 4B1.5(b)(1) and § 3D1.4 are aimed at punishing offenders for multiple criminal acts and thus applying the two enhancements constitutes impermissible double counting in his case.

We are not persuaded. Double counting did not occur because (1) the Guidelines expressly intend cumulative application, and (2) the enhancements serve different sentencing goals.

First, the Guidelines anticipate a cumulative application of both enhancements. U.S.S.G. § 4B1.5(b)(1) expressly states that if the provision applies, the resulting offense level "shall be 5 *plus* the offense level determined under Chapters Two and Three." *Id.* (emphasis added). The additive noun "plus" tells us that "the guidelines intend the cumulative application" of such enhancements. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014) (discussing a Chapter Two enhancement and § 4B1.5(b)(1)); *see also United States v. Von Loh*, 417 F.3d 710, 715 (7th Cir. 2005) (holding that the application of § 3D1.4 and § 4B1.5(b)(1) did not constitute impermissible double counting because "[t]he word 'plus' [in § 4B1.5(b)(1)] indicates that the Sentencing Commission intended

9

that the repeat sex offender enhancement be imposed in addition to calculations made pursuant to §§ 2A3.2 and 3D1.4.").

Second, the two enhancements are directed to different purposes and aimed at different harms. The purpose of the multiple count enhancement in § 3D1.4 is to "provide incremental punishment for significant additional criminal conduct." *See* U.S.S.G. § 3D intro. cmt. The purpose of § 4B1.5(b)(1) is to protect minors from sex offenders "who present a continuing danger to the public." *See* U.S.S.G. § 4B1.5 cmt. bkgd. (noting that the enhancement is derived from a Congressional directive "to ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual exploitation of minors"). Punishing an offender for additional criminal conduct and continued danger to the public is not double counting—those are two separate sentencing goals. *Cf. United States v. Seibert*, 971 F.3d 396, 400 (3d Cir. 2020) (concluding that § 4B1.5(b)(1) serves a different sentencing goal than offense-specific Guideline provisions "[b]ecause it pertains to the part of the Guidelines dealing with career offenders"); *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014) (holding that application of § 4B1.5(b)(1), together with § 2G2.2(b)(5), was not impermissible double counting because "§ 4B1.5(b)(1) aims not merely to punish a defendant for the specific characteristics of the offenses of conviction . . . but to allow a district court to impose an enhanced period of incarceration because the defendant presents a continuing danger to the public"). The fact that different harms may emanate from the same conduct does not result in impermissible double counting. *See Reyes Pena*, 216 F.3d at 1210.

In summary, applying a five-level pattern of activity enhancement under U.S.S.G. § 4B1.5(b)(1) along with a two-level multiple count enhancement under § 3D1.4 is not double counting in this case because the Guidelines expressly intend cumulative application, and the enhancements serve different sentencing goals.  Thus, the district court correctly applied both enhancements to Cifuentes-Lopez.

## III.    Conclusion

For the foregoing reasons, we **AFFIRM** the district court.